## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANJANETTE COMER and CHRISTOPHER D. EVANS, on behalf of themselves and others similarly situated, | Civil Action No. 21-cv-1528 |
| | **<u>CLASS ACTION COMPLAINT</u>** |
| Plaintiffs, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| VIKING CLIENT SERVICES, LLC, | |
| Defendant. | |

---

### Nature of the Action

1.      Anjanette Comer and Christopher D. Evans (together, "Plaintiffs") bring this case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of consumers in Minnesota, Texas, and Pennsylvania whose private, debt-related information Viking Client Services, LLC ("Defendant") shared with an unauthorized third party in its efforts to collect their debts.

2.      By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3.      The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained that "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      Pertinent here, the FDCPA at section 1692c(b), titled "Communication with third parties," commands:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5.      And the provision cross-referenced, section 1692b, governs how a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6.      The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

---

[1]     *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 29, 2021).

7.     Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often communicate with third-party mail vendors in connection with the collection of consumer debts, including by sending those vendors personal information regarding consumers' alleged debts.

8.     Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9.     These third-party letter vendors use information provided by debt collectors—such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

10.     This unnecessary, and illegal, practice of communicating with third parties in connection with the collection of consumer debts exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11.     Upon information and belief, Defendant routinely communicates with third-party vendors, in connection with the collection of debts, to provide them protected information regarding consumer debts that those vendors are not authorized to receive, in violation of the FDCPA.

12.     Plaintiffs thus seek relief on behalf of all similarly situated Minnesota, Texas, and Pennsylvania consumers to whom Defendant caused debt collection letters to be sent that were prepared, printed, or mailed by a third-party vendor.

---

[2]     84 FR 23274, at 23396 n.749.

## Parties

13.     Ms. Comer is a natural person who at all relevant times resided in Tarrant County, Texas.

14.     Ms. Comer is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15.     Ms. Comer's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal rental car services (the "Comer Debt").

16.     Ms. Comer is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     Mr. Evans is a natural person who at all relevant times resided in Bradford County, Pennsylvania.

18.     Mr. Evans is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

19.     Mr. Evans' obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Evans Debt").

20.     Mr. Evans is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21.     Defendant is a limited liability company headquartered in Eden Prairie, Minnesota.

4

22.     Defendant "provides debt recovery services and collection solutions across multiple industries."[3]

23.     Boasting of "proven results in recovering debt," Defendant offers a "qualified staff [] trained to work diligently and professionally, making sure that the debt collection process is effective. Our dedicated team, equipped with the best training and resources, is committed to producing the most ideal results possible."[4]

24.     Defendant provides debt collection services related to consumer bankcards, automobile deficiencies, consumer debt and installment loans, pre-legal and dormant judgment recovery, debt buyers, and healthcare.[5]

25.     Defendant advertises participation in debt collection industry trade groups such as the Minnesota Collectors Association, Inc. and ACA International.[6]

26.     Defendant identified itself as a debt collector in its correspondence to Plaintiff, as shown below.

27.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

---

[3]     https://www.vikingservice.com/ (last visited June 29, 2021).

[4]     https://www.vikingservice.com/services/recovery (last visited June 29, 2021).

[5]     *Id.*

[6]     *Id.*

28.     Upon information and belief, at the time Defendant attempted to collect the debts from Plaintiffs, the debts were in default, or Defendant treated the debts as if they were in default from the time that Defendant acquired them for collection.

29.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

31.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

32.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as Defendant maintains its principal place of business in this district.

## Factual Allegations

33.     On or about April 13, 2021, Defendant caused a written communication to be sent to Ms. Comer in connection with the collection of the Comer Debt.

34.     A redacted copy of the April 13 letter to Ms. Comer is attached as Exhibit A.

35.     The April 13 letter disclosed the balance of the Debt. Ex. A.

36.     The April 13 letter identified the current creditor to whom Defendant alleged the Comer Debt was owed. *Id.*

37.     The April 13 letter contained Plaintiff's name and home address and provided additional description of the Comer Debt, including a claim number. *Id*.

38.     The April 13 letter also identified Defendant as a debt collector in bold print: "**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**" *Id*.

39.     At the time of the April 13 letter, there was no judgment against Ms. Comer regarding the Comer Debt.

40.     Defendant did not print the April 13 letter.

41.     Defendant did not mail the April 13 letter.

42.     Instead, in connection with its collection of the Comer Debt, Defendant provided information regarding Ms. Comer and the Comer Debt to a third-party mail vendor—including Ms. Comer's name and address, the amount of the Comer Debt, the name of the current creditor, and other private details regarding the Comer Debt.

43.     That third-party vendor then printed the April 13 letter that was sent to Ms. Comer.

44.     The third-party vendor also mailed the April 13 letter that was sent to Ms. Comer.

45.     A return address on the April 13 letter does not match Defendant's address in Eden Prairie, Minnesota.

46.     That return address on the April 13 letter includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party software company.

47.     RevSpring is owned by private equity firm GTCR LLC.

48.     Defendant does not maintain an office in Oaks, Pennsylvania.

49.     RevSpring, however, maintains facilities in Oaks, Pennsylvania at the same zip code as the P.O. Box in the April 13 letter's return address.[7]

50.     RevSpring markets itself as having "[s]tate-of-the-art print and mail services . . . ."[8]

51.     "RevSpring processes more than one billion communications annually."[9]

52.     RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[10]

53.     Defendant provided to RevSpring information regarding Ms. Comer and the Comer Debt, including her name, address, the amount of the Comer Debt, and the current creditor for the debt.

54.     Defendant communicated with RevSpring in connection with the collection of the Comer Debt.

55.     Ms. Comer did not consent to Defendant communicating with RevSpring in connection with the collection of the Comer Debt.

---

[7]     https://revspringinc.com/about/ (last visited June 29, 2021).

[8]     https://revspringinc.com/healthcare/products/print-mail/production/   (last   visited June 29, 2021).

[9]     *Id.*

[10]    https://revspringinc.com/about/ (last visited June 29, 2021).

56.     Ms. Comer did not consent to Defendant communicating with any third-party vendor in connection with the collection of the Comer Debt.

57.     On or about May 17, 2021, Defendant caused a written communication to be sent to Mr. Evans in connection with the collection of the Evans Debt.

58.     A redacted copy of the May 17 letter to Mr. Evans is attached as Exhibit B.

59.     The May 17 letter disclosed the balance of the Evans Debt. Ex. B.

60.     The May 17 letter identified the current creditor to whom Defendant alleged the Evans Debt was owed, as well as the original creditor. *Id*.

61.     The May 17 letter contained Mr. Evans' name and home address and provided additional details of the Evans Debt, including a VCS Account number, the last four digits of the original account number, and the date of Plaintiff's medical services. *Id*.

62.     The May 17 letter also identified Defendant as a debt collector in bold font: "**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**" *Id*.

63.     At the time of the May 17 letter, there was no judgment against Mr. Evans regarding the Evans Debt.

64.     Defendant did not print the May 17 letter.

65.     Defendant did not mail the May 17 letter.

66.     Instead, in connection with its collection of the Evans Debt, Defendant provided information regarding Mr. Evans and the Evans Debt to a third-party mail vendor—including Mr. Evans' name and address, the amount of the Debt, the name of the current and original creditors, and other private details regarding the Debt.

67.     That third-party vendor then printed the May 17 letter that was sent to Mr. Evans.

68.     The third-party vendor also mailed the May 17 letter that was sent to Mr. Evans.

69.     A return address on the May 17 letter does not match Defendant's address in Eden Prairie, Minnesota.

70.     That return address on the May 17 letter includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring.

71.     Defendant provided to RevSpring information regarding Mr. Evans and the Evans Debt, including his name, address, the amount of the Evans Debt, and the current and original creditors for the debt.

72.     Defendant communicated with RevSpring in connection with the collection of the Evans Debt.

73.     Mr. Evans did not consent to Defendant communicating with RevSpring in connection with the collection of the Evans Debt.

74.     Mr. Evans did not consent to Defendant communicating with any third-party vendor in connection with the collection of the Evans Debt.

## Class Action Allegations

75.     Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class:

> All persons (a) with a Minnesota, Texas, or Pennsylvania address (b) to which Viking Client Services, LLC sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a

consumer debt, (d) that was printed or mailed by a third-party vendor, (e) where Defendant provided the vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.

76.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

77.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

78.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

79.     The class is ascertainable because it is defined by reference to objective criteria.

80.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

81.     The class satisfies Rules 23(a)(2) and (3) because Plaintiffs' claims are typical of the claims of the members of the class.

82.     To be sure, Plaintiffs' claims and those of the members of the class originate from the same practice utilized by Defendant—communicating in connection with the collection of consumer debts, including the sending of personal, private information regarding those debts, with a third-party vendor—and Plaintiffs thus possess the same interests and have suffered the same injuries as each member of the class.

83.     Plaintiffs satisfy Rule 23(a)(4) because they will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

84.     Plaintiffs have no interests that are contrary to or in conflict with the members of the class that they seek to represent.

85.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

86.     Moreover, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

87.     There will be no unusual difficulty in the management of this action as a class action.

88.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

89.     Among the issues of law and fact common to the class:

a) Defendant's violations of the FDCPA as alleged herein;

b) whether Defendant is a debt collector as defined by the FDCPA;

c) whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

    d)  the availability of declaratory relief;

    e)  the availability of statutory penalties; and

    f)  the availability of attorneys' fees and costs.

90.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

91.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 90 above.

92.    The FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

93.    By communicating with a third-party mail vendor in connection with the collection of Plaintiffs' debts—including by disclosing, among other things, the existence of the debts, the amounts allegedly owed, and the alleged current and original creditors—Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

94.    The harm suffered by Plaintiffs is particularized in that the illegal communications related to their personal alleged debts and included their personal, private information.

95.    Moerover, the violation of Plaintiffs' rights not to have their private information shared with third parties is a concrete injury sufficient to confer standing.

96.    To be sure, the harm Plaintiffs allege here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

97.    As a result of the sharing of her private information in connection with the April 13 letter, Ms. Comer is embarrassed and distressed by the disclosure of her sensitive financial details.

98.    Likewise, as a result of the sharing of his private information in connection with the May 17 letter, Mr. Evans is embarrassed and distressed by the disclosure of his sensitive financial details.

99.    Furthermore, Defendant's debt collection conduct also created a material risk of harm to the concrete privacy interests Congress was trying to protect in enacting the FDCPA.

100.    A consumer whose private information concerning sensitive financial topics is shared with third parties is likely to suffer embarrassment, stress, or anxiety about such disclosure, as Plaintiffs felt here.

101.    Additionally, by communicating with a third party in connection with the collection of their debts, Defendant harmed Plaintiffs by invading their privacy. *E.g.*, *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 577-78 (8th Cir. 2017) (confirming Article III standing for statutory violation rooted in protecting individual privacy interests).

102.    That is, by communicating with a third party in connection with the collection of their debts, Defendant harmed Plaintiffs by disclosing private facts about them without their permission to do so.

103.    Moreover, Plaintiffs suffered reputational harm by Defendant sharing their private, debt-related information with a third party, including by Defendant disclosing in the first instance that Plaintiffs are alleged debtors.

**WHEREFORE**, Plaintiffs respectfully request relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiffs and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiffs and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiffs and the class;

F. Awarding Plaintiffs and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiffs are entitled to, and hereby demand, a trial by jury.

DATED: June 30, 2021                    Respectfully submitted,


*/s/ Thomas J. Lyons Jr*
Thomas J. Lyons Jr, Esq.
Consumer Justice Center P.A.
367 Commerce Court
Vadnais Heights, MN  55127
Telephone: 651-770-9707
Facsimile: 651-704-0907
tommy@consumerjusticecenter.com

Jesse S. Johnson, Esq.*
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, Florida 33487
Telephone: (561) 826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiffs and the proposed class*

*to seek admission *pro hac vice*